# The Meyercord Company, Incorporated, Appellant, v. The Gilbert Spruance Company, Incorporated.

*Sales—Vendor—Vendee—Sale by sample—Warranty—Breach of —Rescission by buyer.*

In an action of assumpsit to recover price of merchandise sold and delivered, the defense advanced was that the goods were not according to sample, and were of an inferior quality, unsuited for the purposes of the buyer. It was also established that the defendant had notified the plaintiff of its refusal to accept the merchandise, and had been requested to retain it pending an adjustment.

The plaintiff made a proposition to the defendant that the latter accept the shipment at a lower price, which the defendant refused, and subsequently reshipped the goods to the vendor.

Under such circumstances, the delay in returning the goods was caused by the actions of the plaintiff, and did not prejudice the defendant's rights, and a verdict in favor of the latter will be sustained.

Argued December 12, 1924. Appeal, No. 281, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Philadelphia, July T., 1921, No. 108, in favor of the defendant, in the case of The Meyercord Company, Incorporated, v. The Gilbert Spruance Company, Incorporated. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, and the judgment of the court.

*Hugh Roberts,* for appellant.—The defendant did not exercise the right to rescind and return the goods within a reasonable time: Werbitsky v. Fisher, 64 Pa. Superior Ct. 284; Breen v. Bowers, 82 Pa. Superior Ct. 552; Wright v. Bristol Patent Leather Co., 257 Pa. 552; 13 Corpus Juris, p. 613; 13 Corpus Juris, pp. 614 and 615.

*H. Jenkins,* and with him *William S. Furst,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff's action was brought to recover the price of a quantity of paddle boards to be used for advertising

purposes. The plaintiff's agent exhibited a sample as an illustration of the product to be furnished. This was made of a single piece of bass wood having a good mahogany finish and colored with an "acid stain." When the merchandise was received and inspected, objection was made to its quality; it appearing that some of the pieces were composed of two or more smaller pieces of wood; that all of the shipment was made of poplar; that the mahogany finish was not good; that the pieces were rough, not properly sandpapered; that the varnish was of an inferior quality and all were finished with a "penetrating stain" which caused black spots in the softer parts of the wood. The plaintiff contended that the order was filled in accordance with the contract and the sample exhibited and thus an issue of fact was presented which was tried before the presiding judge without a jury. The court sustained the defendant's contention that there was a failure on the part of the plaintiff to perform according to the terms of the contract, and this conclusion, if supported by evidence, has the effect of a verdict of a jury. It cannot be seriously contended that there is not competent evidence to establish the defense. The testimony is direct and clear and we find no substantial reason for challenging the court's opinion on that subject.

The appellant contends however that there was a failure to rescind and return the goods in time. The delivery was early in April and the goods were returned early in June. Notice was given to the plaintiff that the work was unsatisfactory and not in accordance with the contract, and a request was made for shipping directions for the purpose of returning them. On the 7th of May, the plaintiff wrote to the defendant stating that if the work sent from the factory was not right they would greatly appreciate the opportunity of making it right and asked the defendant to hold the shipment until a representative of the plaintiff's establishment could look it over when in Philadelphia. On the 31st of the

same month, the plaintiff made a proposition to the defendant that the latter accept the shipment at a lower price. This the defendant declined on the ground that the material was not useful for the purpose for which it was ordered. Thereupon the paddle boards were reshipped to the vendor. It will be seen therefore that the delay in returning the property was brought about by the plaintiff in an effort to effect some sort of an adjustment with the defendant. The evidence does not warrant a finding that there was undue delay on the part of the defendant in sending the goods back. Moreover, if the plaintiff did not perform the contract in accordance with the agreement, the defendant was not required to return them. Under the provisions of the fiftieth section of the Sales Act of May, 1915, P. L. 557, it was only necessary that the seller be notified that the vendee refused to accept.

Complaint is made that the court admitted evidence that the agent taking the order agreed the paddle boards should be made of birch, whereas the sample which had been approved by the defendant was made of bass wood. This did the plaintiff no harm, however, for the court in disposing of the question disregarded that part of the testimony and based his decision on the other defects in the merchandise shipped. We have not found any reversible error on the record.

The judgment is affirmed.